# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **EMILY DAHL, HANNAH REDOUTE, BAILEY KORHORN, and MORGAN OTTESON,** | ***EX-PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND CERTIFICATE OF SERVICE** |
| **Plaintiffs,** | **EXPEDITED CONSIDERATION REQUESTED** |
| -vs- | |
| **THE BOARD OF TRUSTEES OF WESTERN MICHIGAN UNIVERSITY; EDWARD MONTGOMERY, President of WMU; KATHY BEAUREGARD, WMU Athletic Director; and TAMMY L. MILLER, Associate Director of Institutional Equity,** | CASE NO.:_____<br><br>HON.: _____ |
| **Defendants.** / | |

**GREAT LAKES JUSTICE CENTER:**
David A. Kallman           (P34200)
Stephen P. Kallman        (P75622)
Erin E. Mersino             (P70886)
Jack C. Jordan               (P46551)
**Attorneys for Plaintiffs**
5600 W. Mount Hope Hwy.
Lansing, MI  48917
(517) 322-3207

## *EX-PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

### EXPEDITED CONSIDERATION REQUESTED

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs, Emily Dahl, Hannah Redoute, Bailey Korhorn, and Morgan Otteson (collectively referred to as "Plaintiffs"), by and through undersigned counsel, hereby move this Court for a Temporary Restraining Order (TRO) (*ex parte*), <u>immediately</u> enjoining the enforcement of Defendants' mandated Covid-19 vaccination requirements as applied to Plaintiffs.

- 1 -

Expedited consideration is necessary because the harm to Plaintiffs is occurring now, and it is irreparable. Defendants have stated that it is their intent to permanently kick Plaintiffs off of their intercollegiate athletic teams on August 31, 2021, if they are not vaccinated before that date. This harm is set forth in greater detail in the accompanying brief and is supported by the attached Affidavits (Exhibits J, K, L, and M).

Accordingly, Plaintiffs request that the Court immediately issue the requested TRO (*ex parte*) to maintain the status quo, and then set an expedited schedule for briefing on the separate but related request for a preliminary injunction, at which time opposing counsel will have the opportunity to respond in full. Time is of the essence.

Pursuant to Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure and Local Rule 7.1, Plaintiffs were unable to speak with Defendants' counsel as it is unknown who will represent Defendants prior to making this TRO request. The Court should issue the requested TRO immediately and without further notice to any party for all the reasons stated herein and in the attached brief in support.

Plaintiffs were notified of Defendants' rejection of their religious accommodation request on August 25 and 30, 2021. Plaintiffs obtained legal counsel in the evening on Friday, August 27, 2021, and this lawsuit was filed on Monday, August 30, 2021.

For all the reasons stated in the attached Brief in Support, Plaintiffs respectfully request that this Honorable Court grant their Motion and issue a Temporary Restraining Order against Defendants as outlined in the attached proposed order.

**WHEREFORE**, Plaintiffs respectfully request that the Court immediately issue the requested TRO pending a hearing on whether a broader preliminary injunction should issue.

Respectfully submitted,

GREAT LAKES JUSTICE CENTER

/s/ *David A. Kallman*
David A. Kallman
Stephen P. Kallman
Erin E. Mersino
Jack C. Jordan
*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, a copy of the foregoing *Ex-Parte* Motion for Temporary Restraining Order, with Brief in Support and Exhibits, was filed electronically with the Court. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the court's electronic filing system. Parties may access this filing through the court's system.

GREAT LAKES JUSTICE CENTER

/s/ *David A. Kallman*
David A. Kallman