UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EMILY DAHL, *et al.*, <br> Plaintiff, <br> -v- <br> THE BOARD OF TRUSTEES OF WESTERN MICHIGAN UNIVERSITY, et al., <br> Defendants. | No. 1:21-cv-757 <br><br> Honorable Paul L. Maloney |

### ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs are four members of the women's soccer team at Western Michigan University (WMU). On August 12, 2021, around 6 p.m., the Athletic Director for WMU, Defendant Kathy Beauregard, sent a text requiring all individuals involved in the athletic department, including student athletes, receive one of the COVID-19 vaccines by August 31, 2021. (ECF No. 1-2 PageID.20.) Plaintiffs each submitted requests for religious accommodations explaining that their sincerely held religious beliefs would be compromised if they were to receive the required vaccination. WMU denied all four requests, asserting the University's "compelling interest" and explaining that "prohibiting unvaccinated members of the team from engaging in practices and competition is the only effective manner of accomplishing this compelling interest." (*See, e.g.,* ECF No. 1-9 PageID.48.) WMU's responses state that the players will not be able to participate in intercollegiate sports. WMU also states that the players will not lose their scholarship for the academic year.

Plaintiffs sued alleging constitutional and statutory violations. Plaintiffs request a temporary restraining order.[1] (ECF No. 2.) The Court will grant Plaintiffs' request.

Decisions regarding a temporary restraining order are within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint or affidavit showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Northeast Ohio Coalition*). The four factors are not prerequisites that must be met, but are interrelated concerns that must be balanced together. *See Northeast Ohio Coalition*, 467 F.3d at 1009.

---

[1] Plaintiffs filed a motion for a temporary restraining order (ECF No. 2) and an *ex parte* motion for a temporary restraining order (ECF No. 3).

A. Procedural Requirements

Plaintiffs have met the procedural requirements. Plaintiffs filed a verified complaint. (ECF No. 1.) Plaintiffs have alleged that they will suffer an irreparable injury before Defendants can be heard in opposition to the motion. Specifically, Plaintiffs allege that Defendants will "permanently kick Plaintiffs off of their intercollegiate athletic teams on August 31, 2021, if they are not vaccinated before that date." (ECF No. 2 PageID.2.) WMU denied one of the requests on August 30, the same day Plaintiff's filed the lawsuit and the day before the deadline. (ECF No. 1-3 PageID.23.) Under these circumstances, the Court finds the lack of notice to WMU excusable.[2]

B. Likelihood of Success on the Merits

Ordinarily, WMU's vaccination requirement for its athletes, which includes an exemption for religious beliefs, would be subject to rational review. *See Klaassen v. Trustees of Indiana Univ.*, —F.4th—, 2021 WL 3281209, at *1 (7th Cir. Aug. 2, 2021) (citing *Jacobson v. Massachusetts*, 197 U.S. 11 (1905)). Here, Plaintiffs were *denied* an exemption for their religious beliefs. Accordingly, the Court considers whether the denial of the requested exemption violates, as Plaintiffs assert, the free exercise of religion.

The Free Exercise Clause in our Constitution provides protections against a law that "discriminate against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Church of the Lukumi Babalu Aye, Inc. v. City of*

---

[2] Within the motion, and not as a separate certification, Plaintiffs' counsel states that they were unable to speak with Defendants' counsel because they did not know who would represent Defendants. (ECF No. 2 PageID.65.) Plaintiffs' counsel, as experienced litigators, should know better. WMU, like most other public universities, has an office of General Counsel and its phone number is readily accessible.

*Hialeah*, 508 U.S. 520, 532 (1993)); *see Bible Believers v. Wayne Cty., Michigan*, 805 F.3d 228, 255-56 (6th Cir. 2015) (en banc) ("The right to free exercise of religion includes the right to engage in conduct that is motivated by the religious beliefs held by the individual asserting the claim."). "Where a challenged law is neutral and of general applicability and has a merely 'incidental effect' on Plaintiffs' religious beliefs, Defendants need not show a compelling governmental interest." *Resurrection Sch. v. Hertel*, —F.4th—, 2021 WL 3721475, at *11 (6th Cir. Aug. 23, 2021) (citing *City of Hialeah*, 508 U.S. at 531).

Laws that discriminate against religious practices will be invalidated unless "justified by a compelling interest and is narrowly tailored to advance that interest." *Roberts v. Neace*, 958 F.3d 409, 413 (6th Cir. 2020) (quoting *City of Hialeah*, 508 U.S. at 553). When laws "infringe upon or restrict practices because of their religious motivation, the law is not neutral." *City of Hialeah*, 508 U.S. at 533. When law forces an individual to choose between following her religious beliefs or forfeiting benefits, the law places a substantial burden on the individual's free exercise of religion. *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). And, "[a] law is not generally applicable if it 'invite[s]' the government to consider the particular reasons for a person's conduct by providing a 'mechanism for individualized exemptions.'" *Fulton v. City of Philadelphia, Pennsylvania*, 141 S. Ct. 1868, 1877 (2021) (citation omitted).

Plaintiffs have established a likelihood of success on the merits of the Free Exercise Claims. Plaintiffs have established that WMU's vaccination requirement is subject to strict scrutiny. On the record before this Court, and understanding that WMU has not been

afforded an opportunity to response, WMU's vaccination requirement for student athletes is not justified by a compelling interest and is not narrowly tailored.

First, WMU must establish the compelling reason for its actions. WMU denied Plaintiffs' request for religious exemption. Courts review denials of individualized requests for a religious exemption to determine if the government entity had a compelling reason. *Meriweather v. Hartop*, 992 F.3d 492, 514-15 (6th Cir. 2021) (citing *City of Hialeah*, 508 U.S. at 537.) WMU has asserted that it has a compelling reason, albeit in a perfunctory manner. WMU appears to conclude that unvaccinated players pose a risk to the health of the vaccinated players.

Second, WMU must explain why the decision to remove the unvaccinated players from intercollegiate competition is narrowly tailored. Plaintiffs contend that WMU does not require all students to be vaccinated.[3] Plaintiffs contend that WMU permits unvaccinated students to participate in intramural sports and eat in cafeterias. (ECF No. 2-1 PageID.8.) And, while the University of Michigan and Michigan State University require students to be vaccinated, those who are granted religious exemptions must undergo weekly testing and must wear face coverings. (*Id.*)

C. Other Factors

Having found a likelihood of success on the merits of Plaintiff's Free Exercise Claim, the balance of the factors weighs in favor of emergency injunctive relief. Where parties seek

---

[3] On August 12, 2021, WMU President Defendant Edward Montgomery mandated weekly testing for unvaccinated students and employees. http//wmich.edu/covid-19/messages (last visited August 31, 2021).

injunctive relief and allege a constitutional violation, the outcomes "often turn on the likelihood of success on the merits, usually making it unnecessary to dwell on the remaining three factors." *Roberts*, 958 F.3d at 416 (citation omitted.)

Accordingly, the Court **GRANTS** Plaintiffs' motion for a temporary restraining order. (ECF No. 2.)

1. Plaintiffs have established a likelihood of success on their claim that WMU's denial of a religious exemption from vaccine requirement for its student athletes violates Plaintiffs' right to the free exercise of religion.

2. Defendants are enjoined from enforcing a COVID-19 vaccine requirement against Plaintiffs.  Defendants may not prevent Plaintiffs from participating in team activities for the reason that Plaintiffs have not received a COVID-19 vaccine.  So long as Plaintiffs have not received a COVID-19 vaccination, Defendants may require Plaintiffs to submit to COVID-19 testing weekly or more frequently and may also require Plaintiffs to wear face coverings during team activities.

3. Plaintiffs must serve Defendants with a copy of the summons, complaint, both motions for a temporary restraining order, and this Order.  Plaintiffs must serve Defendants as soon as practicably possible, and no later than Wednesday, September 1, 2021, at 5 p.m. Plaintiffs must file proof of service.

4. Defendants may file a response to Plaintiffs' motion by Friday, September 3, 2021.

5. Plaintiffs may file a reply to Defendants' response by 12:00 p.m. (noon) on Tuesday, September 7, 2021.

6. The Court will hold a hearing concerning a preliminary injunction beginning at 1:30 p.m. on Thursday, September 10, 2021, at 174 Federal Building, 410 W. Michigan Ave., Kalamazoo, Michigan.

7. The temporary restraining order takes effect at 1:30 p.m. on August 31, 2021, and will expire approximately fourteen (14) days later. The Court may issue an order at or following the hearing for a preliminary injunction either converting the temporary restraining order to a preliminary injunction or ending the temporary restraining order.

**IT IS SO ORDERED.**

Date:   August 31, 2021                                           /s/  Paul L. Maloney
                                                                  Paul L. Maloney
                                                                  United States District Judge