UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EMILY DAHL, et al.,                                           )
               Plaintiff,          )
                                                                         )   No. 1:21-cv-757
-v-                                                                   )
                                                                         )   Honorable Paul L. Maloney
THE BOARD OF TRUSTEES OF WESTERN  )
MICHIGAN UNIVERSITY, et al.,                   )
               Defendants.     )
                                                                         ) | |

## ORDER TO RESPOND

Yesterday the Court issued a temporary restraining order enjoining Defendants from enforcing a vaccine requirement against Plaintiffs, four members of the Western Michigan University's women's soccer team. All four women had requested an exemption from the vaccine requirement for religious reasons. And, Defendants had denied all four requests. The Court scheduled a hearing for a preliminary injunction for September 9, 2021. The Court ordered Defendants to file a response by Friday, September 3, 2021.

Today, Plaintiffs filed a motion requesting the Court amend the temporary restraining order (TRO) to enjoin Defendants from enforcing the vaccine requirement for all student athletes who requested religious exemptions. (ECF No. 11.) According to Plaintiffs, "Defendants do not actively oppose the Plaintiffs' request." (*Id.* PageID.139.)

The Court declines to expand the scope of the TRO without first hearing from Defendants. First, Rule 65(b)(1) requires the party seeking a TRO to file a verified complaint or affidavit. Plaintiffs met that requirement for the relief granted in existing TRO. Plaintiffs have not filed any amended verified complaint or any additional affidavits which would

support the requested amendment. Second, in recent years, several Justices have decried "nationwide injunctions," cautioning district courts against issuing injunctive relief that extends beyond the scope of the claims presented in the complaint. *See, e.g., Dep't of Homeland Sec.*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J. concurring) ("The real problem here is the increasingly common practice of trial courts ordering relief that transcends the cases before them. Whether framed as injunction of 'nationwide,' 'universal,' or 'cosmic' scope, these orders share the same basic flaw—they direct how the defendant must act toward persons who are not parties to the case."). While the requested amended TRO would not be "nationwide," the same concerns apply. The equitable relief requested in the motion to amend would exceed the scope of the claims presented in the complaint and would enjoin Defendants from taking action against individuals who are not parties to this lawsuit.

Therefore, Defendants **SHALL RESPOND** to Plaintiff's motion to amend the temporary restraining order. The response must be filed by Friday, September 3, 2021. The request may be included in Defendants' response to the injunction or maybe filed as a separate response.

**IT IS SO ORDERED.**

Date: September 1, 2021                               /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge