UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

EMILY DAHL, HANNAH REDOUTE,
BAILEY KORHORN, and MORGAN
OTTESON,

    Plaintiffs,                                   Case No.  1:21-cv-757

v.                                                Hon. Paul L. Maloney

THE BOARD OF TRUSTEES OF
WESTERN MICHIGAN UNIVERSITY,
EDWARD MONTGOMERY, President of WMU,
KATHY BEAUREGARD, WMU Athletic Director,
and TAMMY L. MILLER, Associate Director of
Institutional Equity,

    Defendants.
_____

**DEFENDANTS' RESPONSE TO SEPTEMBER 1, 2021 ORDER TO RESPOND**

The Court issued an Order dated September 1, 2021 (ECF No. 12) in response ot the Plaintiff's motion requesting the Court amend the TRO (ECF No. 8) to encompass all student athletes who requested religious exemptions. The Plaintiffs' motion recites that the Defendants "do not actively oppose the Plaintiffs' request." The Court declined to expand the scope of the order until hearing from the Defendants, and ordered the Defendants to respond by Friday, September 3, 2021. This is the Defendants' response.

After considering the issues raised by the Court, the Defendants, through counsel, informed Plaintiffs' counsel that the Defendants would not stipulate to expanding the scope of the order, and would not voluntarily agree to refrain from enforcing the challenged policy against student athletes who were not parties to the litigation. Confirming the point the Court made in the order, the Supreme Court has stated that when crafting an injunction, a district court must take care to "limit the solution to the problem," for example, by

"enjoin[ing] only the unconstitutional applications of a [policy] while leaving other applications in force." *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 328-329 (2006).

The Defendants were seeking to avoid unnecessary burdens on the parties and the Court by not opposing the Plaintiffs' motion but realize in hindsight that expanding the scope of the order would not accomplish that goal. Additional plaintiffs would have to be added at some point regardless. While the Defendants have not stipulated to expanding the scope of the original order, they have stipulated to allow the filing of an Amended Verified Complaint naming additional Plaintiffs and agreeing to allow Defendants' counsel to accept service of the Amended Complaint. The Defendants have also agreed to stipulate that the Court's original TRO should include the Plaintiffs added in an Amended Complaint. This should accomplish the Defendants' original purpose while respecting the limits on the Court's jurisdiction over non-parties.

Respectfully submitted,

DATED: September 3, 2021   PLUNKETT COONEY

BY: __/s/Michael S. Bogren_____
Michael S. Bogren (P34835)
Attorney for Defendants
BUSINESS ADDRESS:
333 Bridge Street, N.W., Suite 530
Grand Rapids, Michigan  49503
**Direct Dial:  269/226-8822**
mbogren@plunkettcooney.com

Open.07616.14299.27108778-1