UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EMILY DAHL, *et al.*, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:21-cv-757 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| BOARD OF TRUSTEES OF WESTERN | ) | |
| MICHIGAN UNIVERSITY, *et al.*, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DENYING MOTION FOR STAY

This Court issued a preliminary injunction against Defendants enjoining them from enforcing a vaccine mandate against the student athletes who filed the lawsuit. Defendants filed an appeal of the preliminary injunction. Defendants now ask the Court to stay the injunction. (ECF No. 33.)

Rule 62(d) authorizes a district court to suspend a preliminary injunction while an appeal of that order is pending. In deciding whether to suspend the preliminary injunction, courts consider the same factors they considered when issuing the preliminary injunction: (1) whether the defendant has a substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the proceedings are not stayed; (3) whether the proceedings will substantially injure other interested parties; and (4) the public's interest. *Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). The Court balances the four factors. *Id.*

The Court finds that Defendants have not established a likelihood of success on the merits. The dispute concerns the appropriate level of scrutiny. The Court concluded that

strict scrutiny applies to Plaintiffs' religious freedom claim. Defendants insist that rational scrutiny applies. The Court has carefully considered the arguments presented in Defendants' brief and reaches the same conclusion as before, strict scrutiny applies. The Court disagrees with Defendants' characterization of the record and with Defendants' interpretation of the relevant legal authority.

With the conclusion that Defendants have not demonstrated a likelihood of success on the merits of Plaintiffs' constitutional claims, the balance of the factors weigh against granting a stay. Because Plaintiffs' have a likelihood of success in their constitutional claim, that factor becomes determinative. *See Thompson v. DeWine*, 976 F.3d 610, 615 (6th Cir. 2020) (citation omitted).

For these reasons, the Court **DENIES** Defendants' motion to stay the injunction. (ECF No. 33). **IT IS SO ORDERED.**

Date:   September 23, 2021                                              /s/ Paul L. Maloney
                                                                                    Paul L. Maloney
                                                                                    United States District Judge