UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

EMILY DAHL, HANNAH REDOUTE,
BAILEY KORHORN, MORGAN
OTTESON, JAKE MOERTL, KIA BROOKS,     Case No. 1:21-cv-757
AUBREE ENSIGN, REILLY JACOBSON,
TAYLOR WILLIAMS, KAELYN PARKER,     Hon. Paul L. Maloney
ANNALISE JAMES, MAXWELL HUNTLEY,
SIDNEY SCHAFER, DANIELLE NATTE,
NICOLE MOREHOUSE, and KATELYN
SPOONER,

      Plaintiffs,

v.

THE BOARD OF TRUSTEES OF
WESTERN MICHIGAN UNIVERSITY,
EDWARD MONTGOMERY, President of WMU,
KATHY BEAUREGARD, WMU Athletic Director,
and TAMMY L. MILLER, Associate Director of
Institutional Equity,

      Defendants.
_____/

## CONSENT JUDGMENT

The Plaintiffs and Defendants, by and through undersigned counsel, stipulate and agree as follows:

A.     Plaintiffs filed suit in the United States District Court for the Western District of Michigan against the Defendants alleging *inter alia* that the denial of their requested accommodation that they be allowed to continue participating in their respective intercollegiate athletic sports programs while unvaccinated violated their right to free exercise of religion under the First Amendment.

B.     The Court issued an *ex parte* temporary restraining order on August 31, 2021, enjoining the Defendants from enforcing the vaccination requirement against the Plaintiffs.

C. The Court issued an Opinion and Order granting the Plaintiffs' motion for preliminary injunction on September 13, 2021, which enjoined the Defendants from enforcing the Covid-19 vaccination requirement against Plaintiffs. The Preliminary injunction further ordered: "Defendants may not prevent Plaintiffs from participating in team activities for the reason that Plaintiffs have not received a COVID-19 vaccine. So long as Plaintiffs have not received a COVID-19 vaccination, Defendants may require Plaintiffs to submit to COVID-19 testing weekly or more frequently and may also require Plaintiffs to wear face coverings during team activities."

D. At all times since they were issued the Defendants have fully honored and complied with the terms of the TRO and preliminary injunction.

E. The parties have engaged in settlement discussions in an attempt to resolve this matter.

F. There exists an opportunity to resolve this litigation in accordance with the terms and conditions of this Consent Judgment, in order to avoid further costs and expenses, the uncertainty of continued litigation and to obtain finality without any admission of liability or wrongdoing on the part of any party.

G. The Plaintiffs and Defendants acknowledge (1) this Consent Judgment was freely and voluntarily entered into; (2) this Consent Judgment is in the parties' best interest under all of the circumstances; and (3) this Consent Judgment was entered into in good faith.

NOW, THEREFORE, pursuant the stipulated findings recited above, which are incorporated into and made a part of this Consent Judgment, and pursuant to the agreement and stipulation of the Plaintiffs and Defendants through their counsel, and as approved by the Plaintiffs and the Defendants, **IT IS HEREBY ORDERED AND ADJUDGED**:

1. Reference in this Consent Judgment to "Plaintiffs" shall mean and refer to each individual Plaintiff and to the Plaintiffs collectively as determined by the context of the reference. Reference to the "Defendants" shall mean and refer to Western Michigan University and its Trustees, officers, and employees, and to each individual Defendant as determined by the context of the reference. The terms and conditions of this Consent Judgment shall be binding upon and inure to the benefit of the Plaintiffs and Defendants and their agents and successors.

2. The Plaintiffs and Defendants agree and stipulate that the Court's ruling on the preliminary injunction entered on September 13, 2021 shall be incorporated into this Consent Judgment as a permanent injunction, specifically:

> Defendants are enjoined from enforcing a COVID-19 vaccine requirement against Plaintiffs. Defendants may not prevent Plaintiffs from participating in team activities for the reason that Plaintiffs are not fully vaccinated for COVID-19. So long as Plaintiffs are not fully vaccinated for COVID-19, Defendants may require Plaintiffs to submit to COVID-19 testing weekly or more frequently and may also require Plaintiffs to wear face coverings during team activities.

3. The Defendants agree to pay to the Plaintiffs' attorneys, Great Lakes Justice Center, attorney's fees, and costs in the amount of $34,617.00. The parties agree that neither party is allowed to seek any additional attorneys' fees or costs from the other party.

4. The terms of this Consent Judgment may be amended, changed, or modified only upon written agreement of the parties except as otherwise provided in this

Consent Judgment and any such changes must be approved and ordered by the Court. The parties are not obligated or required to agree to any change in any of the terms of this Consent Judgment.

5. Except for the right to seek enforcement and remedies arising from a breach of this Consent Judgment as provided in this Consent Judgment, all claims asserted by the Plaintiffs and all defenses asserted by the Defendants and all claims that could have been asserted by either party in this lawsuit, including claims for money damages, declaratory relief, equitable relief, attorney's fees and costs are merged into this Consent Judgment and forever barred.

6. This Court retains jurisdiction to enforce the terms of this Consent Judgment. In the event either party determines that the other party is in breach of the terms of this Consent Judgment it shall provide written notice of such breach. If any breach of the Consent Judgment is not cured within 30 days of the written notice, the non-breaching party shall be entitled to seek relief from this Court with regard to such breach, which relief shall be specific performance of the terms and conditions of the Consent Judgment. The Court may grant such other relief as this Court may deem equitable and just. The Court shall also have the discretion to award reasonable attorney fees and costs to the non-breaching party. Notwithstanding the Court's continuing jurisdiction over this Consent Judgment this matter shall be administratively closed upon entry of the Consent Judgment.

7. This Consent Judgment is intended to be a global resolution and settlement of all claims between the Plaintiffs and the Defendants, and all claims are extinguished upon entry of this Consent Judgment.

8. Undersigned counsel explicitly represent, warrant, and verify that they have received actual authority to execute this Consent Judgment on behalf of their respective clients and the signatures of undersigned counsel fully binds their clients and obviates the necessity to obtain signatures of the parties, individually or collectively.

**IT IS SO ORDERED.**

Date: _____ _____
Hon. Paul L. Maloney
United States District Court Judge

APPROVED AS TO FORM AND CONTENT

Date: November 15, 2021 */s/ David A. Kallman*
David A. Kallman (P34200)
Attorney for Plaintiffs
Great Lakes Justice Center

Date: November 15, 2021 */s/Michael S. Bogren*
Michael S. Bogren (P34835)
Attorney for Defendants
PLUNKETT COONEY

Open.07616.14299.27540495-1